# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

## CIVIL RIGHTS COMPLAINT

Alex Velez #22561/

_____,
#### Plaintiff(s),
(Full name(s) and prisoner number(s) if incarcerated)
(Do not use *et al.*)

v.

Jensen

Spring

Neville

John Lahda

Giovanny Gomez

_____

_____
#### Defendant(s).
(Full name(s) and capacity, e.g., official capacity, individual capacity,
or official and individual capacitites) (Do not use *et al.*)

Case No. 3:03 CV 299 (RNC)(DFM)
(To be supplied
by the court)

## A. PARTIES

1.  Alex Velez  is a citizen of  Connecticut  who
    (Plaintiff)                   (State)
presently resides at  Garner CI, 50 Nunnawauk Rd, Newtown, CT 06470-5500
                      (mailing address or place of confinement)
If plaintiff is incarcerated, provide inmate number:  225611 .

2.  Defendant  Jensen  is a citizen of  Connecticut
               (name of first defendant)               (State)

whose address is  Garner CI, 50 Nunnawauk Rd, Newtown, CT 06470-5500 ,

and who is employed as *Corrections Officer, Garner CI*                .
(title and place of employment)
   At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? __X__ Yes _____ No. If your answer is "Yes," briefly explain:
*Jensen was on duty at Garner CI at all relevant times*



3. Defendant *Spring*                     is a citizen of *Connecticut*
(name of second defendant)                                    (State)

whose address is *Garner CI, 50 Nunnawauk Rd, Newtown, CT 06470-5500*

and who is employed as *Corrections Officer, Garner CI*.
(title and place of employment)

   At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? __X__ Yes _____ No. If your answer is "Yes," briefly explain:

*Spring was on duty at Garner CI at all relevant times*

(If more space is needed to furnish the above information for additional defendants, continue on a blank sheet which you should label "A. PARTIES." Be sure to include each defendant's complete address and title.) → *See additional pages*

## B. JURISDICTION

1. Jurisdiction is asserted pursuant to (CHECK ONE)

   __X__   42 U.S.C. § 1983 (applies to state prisoners)

   _____   ***Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics***, 403 U.S. 388 (1971) and 28 U.S.C. § 1331 (applies to federal prisoners)

2. Jurisdiction also is invoked pursuant to 28 U.S.C. § 1343(a)(3). (If you wish to assert jurisdiction under different or additional statutes, you may list them below.)

*42 U.S.C. 1331(a) and 1343*

*28 U.S.C. 1367*

A. Parties

1. Plaintiff Alex Velez, Inmate No. 225611, is and was at all relevant times a prisoner in the custody of the Connecticut Department of Corrections. At the time of the relevant events, he was incarcerated at Garner Correctional Institution in Newtown, CT.

2. Defendant Jensen is a Correctional Officer employed by the Dept. of Corrections at Garner C.I. He is sued in both his individual and official capacities.

3. Defendant Spring is a Correctional Officer employed by the Dept of Corrections at Garner C.I. He is sued in both his individual and official capacities.

4. Defendant Neville is a Correctional Officer with the rank of Captain who was assigned to Garner C.I. at all relevant times. He is sued in both his individual and official capacities.

5. Defendant John Lahda is a Correctional Officer with the rank of Major who was assigned to Garner CI, in charge of operations, at all relevant times. He is sued in both his individual and official capacities.

6. Defendant Giovanny Gomez is the Warden at Garner C.I. and is responsible for the overall operation of the prison. He is sued in his individual and official capacities.

7. All defendants have, at all relevant times, acted and continue to act under the color of state law

Preliminary Statement

8. This is a civil rights action filed by Alex Velez, a state prisoner, for damages and declaratory and injunctive relief under 42 U.S.C. 1983, alleging use of excessive force and failure to provide a safe environment resulting in cruel and unusual punishment in violation of the Plaintiffs' rights under the Eighth Amendment to the Constitution of the United States.

The Plaintiff also alleges the torts of assault and battery and libel and slander.

B. Jurisdiction

9. The Court has jurisdiction over the Plaintiff's claims of violations of Federal Constitutional rights under 42 U.S.C. 1331(a) and 1343.

10. The Court has supplemental jurisdiction over the Plaintiff's state tort claims under 28 U.S.C. 1367.

C.     Facts

11.  On or about August 14, 2002, Plaintiff was assigned to and resided in Unit H, cell 102, at Garner Correctional Institution.

12.  On August 14, 2002, at about 8 pm, at the end of the recreation period, Plaintiff wanted to see the nurse assigned to the Unit because he was having abdominal pain. Plaintiff began walking towards the nurse's station.

13.  Defendant Jensen at this time called to the Plaintiff and asked him what was happening. Plaintiff replied politely that he wanted to see the nurse. Defendant Jensen then told the Plaintiff that he had had all of the recreation period to see the nurse and that it was time to lock up.

14.  Plaintiff then approached the control desk and asked to speak to Defendants Jensen and Spring.

15.  Defendant Jensen screamed at the Plaintiff and said, "Get the hell out of my face. You nauseate me! Get the hell away from the control desk before I beat you senseless."

16. Plaintiff was terrified and did not know how to respond so he went to his cell and locked up.

17. A few minutes after Plaintiff locked up, the cell door was opened and Defendant Jensen entered Plaintiff's cell. Jensen pushed Plaintiff with both hands in the chest area. Plaintiff fell toward the desk in the cell and struck his head.

18. Defendant Jensen then grabbed Plaintiff, forced him to stand up, and began punching him, kicking him, and shoving him. Plaintiff was struck repeatedly in the legs and abdomen. During the assault, Jensen was screaming, "You vile scumbag. I should kill you. You are a sick maggot." Plaintiff was then kicked in the abdomen and fell to the floor where he was kicked again in the chest and lower back.

19. As Defendant Jensen beat the Plaintiff, Plaintiff yelled to summon Defendant Spring's attention and tried to exit the cell.

20. As Plaintiff was trying to exit the cell, he was confronted by Defendant Spring, who punched and kicked him while Defendant Jensen continued to push Plaintiff against the wall and prevented him from getting out of the cell.

28. On August 15, 2002, Plaintiff was transferred to the Intensive Mental Health Unit (IMHU) where he remained until after September 18, 2002.

29. IMHU is a program at Garner CI. which is operated in such a way as to ensure that conditions for inmates assigned there are approximately as harsh as those at Northern Correctional Institution, the state's highest-security prison.

30. The treatment of inmates assigned to IMHU is currently the subject of a civil rights action, State of Connecticut Office of Protection and Advocacy for Persons with Disabilities v. Wayne Choinski, et al., Case No. 303CV1352 (RNC), in the U.S. District Court, District of Connecticut in Hartford, CT, which alleges that the treatment of inmates confined in IMHU inflicts cruel and unusual punishment.

31. Defendant Gomez is also a defendant in the action identified above.

## Libel and Slander

32. After the above described assault, Plaintiff received a disciplinary report written by Defendant Jenson accusing him of assault on a Department of Corrections officer.

33. On August 26, 2002, Plaintiff spoke to the advocate assigned to him as part of the disciplinary process and described the events of the evening of August 14, 2002.

34. On August 27, 2002, a disciplinary hearing was conducted at which statements were accepted into evidence from Defendants Jensen and Spring.

35. At the conclusion of the disciplinary hearing, Plaintiff was found "not guilty" of the accusations made by Defendant Jensen in the incident report.

36. The written decision of the officer who conducted the disciplinary hearing stated that the "NOT GUILTY FINDING (was) DUE TO CONFLICTS IN STAFF REPORTS... EVENTS DETAILED ON THE INCIDENT REPORT CONFLICT WITH SUPPLEMENTAL INCIDENT REPORTS... THE EVENTS DETAILED SUPPORTS (sic) THE INMATE'S DEFENSE."

37. The false statements of Defendants Jensen and Spring concerning the incident of August 14, 2002 were the direct cause of the Plaintiff being taken to segregation and being confined there in handcuffs and chains overnight as previously described.

38. The false statements of Defendants Jensen and Spring concerning the incident of August 14, 2002 were the proximate cause of the Plaintiff being taken to and confined in IMHU as previously described.

D. Unsafe Environment

39. On August 14, 2002, Plaintiff was beaten by Defendants Jensen and Spring as previously described.

40. On August 27, 2002, the disciplinary hearing officer found, as described earlier, that the Plaintiff's description of the incident of August 14, 2002 was the more believable rendition, as compared to the statements of Defendants Jensen and Spring.

41. Had the disciplinary hearing officer determined that the description of events given by Defendant's Jensen and Spring was more reliable than that of the Plaintiff, disciplinary action against the Plaintiff would have resulted.

42. On several occasions prior to August 14, 2002, Plaintiff informed Defendants Gomez and Lahda that he feared for his personal health and safety due to a serious conflict he was having with Defendant Jensen. Plaintiff requested that something be done as soon as possible.

43. Prior to August 14, 2002, Plaintiff wrote a letter to Defendant Lahda that again

43 (cont) informed Lahda of his fear for his health and safety due to the situation between Plaintiff and Defendant Jensen and asked that Jensen be assigned to another unit of the prison.

44. On August 14, 2002, at about $11^{30}$AM, Plaintiff was escorted to Defendant Lahda's office where Plaintiff and Lahda discussed the problems complained of and Plaintiff's request that Jensen be assigned to another unit. Lahda denied Plaintiff's request.

45. Sometime between August 15th and August 27th, Plaintiff wrote an Inmate Request to Captain Hunt, the officer who was at the time the Unit Manager for Unit H. Plaintiff never received a reply and learned later that Captain Hunt was on vacation.

46. Sometime between August 27th and September 5th, Plaintiff wrote an Inmate Request to Captain Baynes, the officer who was at the time making regular rounds in the unit where Plaintiff was being held. The Request asked for investigation of the incident and action against Defendants Jensen and Spring.

47. Sometime between August 27th and September 5th, Plaintiff spoke with Captain Baynes about the August 14th incident. The Plaintiff never received his Request to Captain Baynes back.

48. The failure of staff at Garner C.I. to respond in writing to Inmate Requests is a common occurrence.

49. The Level One Grievance form used by the Dept. of Corrections requires that an Inmate Request be attached to show that an informal attempt has been made to solve a problem.

50. The failure of staff to reply to or return Inmate Requests denies an inmate a copy of the Request to attach to the Grievance form.

51. Denial of a Grievance on the grounds that no Inmate Request has been attached is a common occurrence at Garner C.I.

52. On September 3, 2002, Plaintiff sent a letter to Defendant Gomez describing the assault on him by Defendants Jensen and Spring.

53. On September 5, 2002, Plaintiff filed a Grievance describing the assault and requesting that the matter be investigated.

54. On September 10, 2002, Plaintiff received the Sept. 5th Grievance back along with instructions to address the issue in writing with Unit Manager Thomas J. Hunt or Defendant Neville. Plaintiff was also told that the allegation was being looked into outside of the Grievance context.

55. On September 11, 2002, Plaintiff wrote back to the Grievance Coordinator explaining to him that a letter in regard to the assault had been sent to Defendant Gomez, that a Request had been sent to Unit Manager Hunt, that a Request had been sent to Captain Baynes, and that Captain Baynes had spoken with the Plaintiff about the incident.

56. On September 12, 2002, Plaintiff received a response on the request filed Sept. 11th, informing him that he needed to address the incident in writing with Defendant Neville.

57. On September 20, 2002, Plaintiff wrote an Inmate Request to Defendant Neville describing the assault and requesting a written response.

58. On September 26, 2002, Plaintiff received a response from Defendant Neville stating that he was aware of the results of the disciplinary hearing. He also stated he believed Defendants Jensen and Spring acted in a professional manner.

59. On September 30, 2002, Plaintiff filed another Grievance. To date, Plaintiff has not received any response on this Grievance.

60. On October 11, 2002, Plaintiff received a response from Defendant Gomez to Plaintiff's letter of Sept. 3rd stating that Plaintiff's allegations against Defendant Jensen would be looked into by the Facility Investigator at the earliest convenience.

61. On November 1, 2002, Plaintiff filed a Level Two Grievance based on the fact that the time had expired for a response to the Grievance filed on Sept. 30th. To date, no response has been received.

62. The failure of Grievances to be processed or responded to is an occasional occurrence at Garner C. I.

63. On December 6, 2002, Plaintiff wrote another letter to Defendant Gomez requesting the result of the investigation of the assault on him.

64. On December 11, 2002, Plaintiff received a letter from Capt. Baynes stating that Plaintiffs letter of Dec. 6th to Defendant Gomez had been forwarded to his office for reply. Baynes stated that he could find no proof of Plaintiff's allegations.

65. Defendants Gomez, Lahda, and Neville failed to take any disciplinary action against Defendants Jensen and Spring.

66. The failure of Defendants Gomez, Lahda, and Neville to act when faced with the findings of the disciplinary hearing officer sends a message that the abusive behavior of Defendants Jenson and Spring is acceptable.

67. The lack of negative repercussions and the acceptance of Defendants Jensen and Spring's behavior by senior personnel at the prison creates a clear danger that such behavior will recur. This environment is unsafe for inmates and for Plaintiff particulary.

G. Relief Requested

68.    Wherefore, Plaintiff requests that the Court grant the following relief:

69.  Issue a declaratory judgement stating that:

70.  The physical abuse of the Plaintiff by Defendants Jensen and Spring violated the Plaintiff's rights under the Eighth Amendment to the United States Constitution.

71.  The physical abuse of the Plaintiff by Defendants Jensen and Spring constituted assault and battery under state law.

72.  The statements made by Defendants Jensen and Spring accusing the Plaintiff of assaulting a Corrections Officer constituted libel and/or slander under state law.

73.  The failure of Defendants Gomez, Lahda, and Neville to take action to correct the behavior of Defendants Jensen and Spring violated Plaintiff's rights under the Eighth Amendment to the United States Constitution



74. Issue an injunction barring Defendants Jensen and Spring from working in any unit or cell block where Plaintiff is assigned and/or resides until the Plaintiff is released from prison.

75. Award compensatory damages jointly and severally against:

76. Defendants Jensen and Spring in their individual capacities for the violation of Plaintiff's rights by use of excessive force and the imposition of cruel and unusual punishment in the amount of one million dollars.

77 Defendant Jensen in his individual capacity for the physical pain and injuries Plaintiff sustained as a result of the beating in the amount of one million dollars.

78. Defendant Spring in his individual capacity for the physical pain and injuries Plaintiff sustained as a result of the beating in the amount of five hundred thousand dollars.

79 Defendent Jensen in his individual capacity for libel and slander of the Plaintiff in the amount of ten thousand dollars for Plaintiff's stay in segregation and one thousand dollars per day for Plaintiff's stay in IMHU.

80. Defendant Spring in his individual capacity for libel and slander of the Plaintiff in the amount of ten thousand dollars for Plaintiff's stay in segregation and one thousand dollars per day for Plaintiff's stay in IMHU.

81. Defendants Gomez, Lahda, and Neville in their individual capacities for their failure to provide a safe environment in the amount of five hundred thousand dollars.

82. Award punitive damages against Defendants Jensen, Spring, Neville, Lahda, and Gomez in their individual capacities in the amount of five million dollars.

83. Grant such other relief as the Court may deem appropriate.

## E. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to the conditions of your imprisonment?
_____Yes __X__No.  If your answer is "Yes," describe each lawsuit.  (If there is more than one lawsuit, describe the additional lawsuits using this same format on a blank sheet which you should label "E.  PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF.")

a. Parties to previous lawsuit:

Plaintiff(s): _N/A_____

Defendant(s): _N/A_____

b. Name and location of court and docket number _N/A_____

c. Disposition of lawsuit.  (For example, was the case dismissed?  Was it appealed? Is it still pending?)
_____N/A_____

d. Issues raised: _N/A_____

_____

e. Approximate date of filing lawsuit: _N/A_____

f. Approximate date of disposition: _N/A_____

2. I previously have sought informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part D.  __X__Yes _____No.

If your answer is "Yes," briefly describe how relief was sought and the results.

*See complaint for detailed description of Inmate Requests, Grievances and letters filed. No relief was granted.*

3. I have exhausted available administrative remedies. __X__ Yes ____ No.
If your answer is "Yes," briefly explain the steps taken. Attach proof of exhaustion.
If your answer is "No," briefly explain why administrative remedies were not exhausted.

*See complaint for detailed description of Inmate Requests, Grievances and letters filed. No relief was granted*

## F. PREVIOUSLY DISMISSED ACTIONS OR APPEALS

1. If you are incarcerated and proceeding under 28 U.S.C. § 1915, please list each civil action or appeal you have brought in a court of the United States, while you were incarcerated or detained in any facility, that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. Please describe each civil action or appeal. If there is more than one civil action or appeal, describe the additional civil actions or appeals using this same format on a blank sheet which you should label "F. PREVIOUSLY DISMISSED ACTIONS OR APPEALS."
    If you are not incarcerated, go to section G.

  a. Parties to previous lawsuit: *No previous actions*

Plaintiff(s):_____

Defendant(s):_____

  b. Name and location of court and docket number _____

  c. Grounds for dismissal:  ( ) frivolous ( ) malicious ( ) failure to state a claim upon which relief may be granted.

  d. Approximate date of filing lawsuit:_____

  e. Approximate date of disposition: _____

2. Are you in imminent danger of serious physical injury? ____ Yes __X__ No.
    If your answer is "Yes," please describe the facts in detail below without citing legal authority or argument.

6

## G. REQUEST FOR RELIEF

I request the following relief:

*See attached*

## H. JURY DEMAND

Do you wish to have a jury trial?  Yes___X___  No_____

*Alex Velez*

_____        _____
Original signature of attorney (if any)        **Plaintiff's Original Signature**


_____


_____


_____
Attorney's full address and telephone

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained in the complaint is true and correct.  28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at __Garner C.I.__ on __10-20-03__.
                  (location)              (date)

*Alex Velez*

_____
**Plaintiff's Original Signature**

7