FILED
2004 FEB 11 P 12: 19

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ALEX VELEZ | : | PRISONER<br>CIVIL NO. 3:03CV299 (RNC)(DFM) |
| v. | : | |
| JENSEN, ET AL. | : | FEBRUARY 6, 2004 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO STRIKE AND DISMISS**

**BACKGROUND**

The plaintiff alleges that he was subjected to excessive force by defendants Jensen and Spring. He further alleges that he made defendants Gomez and Lahda aware that he feared for his safety and his existing problems with defendant Jensen. Plaintiff further alleges that defendant Neville should have taken disciplinary action against defendants Jensen and Spring.

**ARGUMENT**

A. **Paragraphs Thirty And Thirty-One Should Be Stricken From Plaintiff's Amended Complaint**

The plaintiff alleges in paragraphs thirty (30) and thirty-one (31) the following:

> 30. The treatment of inmates assigned to IMHU is currently the subject of a civil rights action, State of Connecticut Office of Protection and Advocacy for Persons with Disabilities v. Wayne Choinski, et al., Case no. 303-CV1352 (RNC), in the U.S. District Court, District of Connecticut in Hartford, CT, which alleges that the treatment of inmates confined in IMHU inflicts cruel and unusual punishment.
>
> 31. Defendant Gomez is also a defendant in the action identified above.

Rule 12(f), Fed.R.Civ.P., allows the Court to strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Whether or not the

defendants have been sued by others is immaterial to this lawsuit. Indeed, inmates sue correctional officials to an excessive extent. Moreover, this case does not concern the mental health treatment. Other than an attempt to prejudice or confuse the jury, such allegations have no purpose in this civil action.

Paragraphs thirty (30) and thirty-one (31) should be stricken.

### B.   All Claims Against Defendant Neville Should Be Dismissed

The plaintiff alleges that he wrote to Captain Neville complaining about his claim that he had been subjected to excessive force by defendant Correctional Officers Jensen and Spring. Captain Neville responded to the plaintiff stating that he was aware of the results of the disciplinary hearing (in which the plaintiff was found not guilty of assaulting a correctional officer) and that he believed the officers acted in a professional manner.

The plaintiff appears to claim that the mere fact that a disciplinary hearing officer did not believe there was sufficient evidence to support a guilty finding on the plaintiff's disciplinary ticket means that defendants Jensen and Spring did something wrong, which defendant Neville should have known. For a number of reasons, one does not necessarily follow the other. First, hearing officers use judgment in making their decisions. Others may review the same evidence and come to a second opinion. Second, even if the plaintiff had not assaulted Officers Jensen and Spring, it does not necessarily follow that they assaulted him.

The plaintiff does not allege that Captain Neville was at all involved in the use of excessive force, only that he did not discipline Officers Jensen and Spring. The plaintiff has no constitutional or federal right to have these officers disciplined. Moreover, even if he had such a right, there is no allegation that Captain Neville had the authority to discipline Jensen and

Spring. The plaintiff's remedy for any alleged wrongdoing is this civil action. He has no right to require or expect any and all State supervisors to impose discipline on officers based on the allegations of the plaintiff. Finally, even if he had such authority, the imposition of discipline is clearly a matter of judgment and discretion.

Personal involvement in an alleged constitutional deprivation is a prerequisite to an award of damages under 42 U.S.C. § 1983. Merriwether v. Coughlin, 879 F.2d 1037, 1048 (2d Cir. 1989); Williams v. Smith, 781 F.2d 319 (2d Cir. 1986); Ayers v. Coughlin, 780 F.2d 205 (2d Cir. 1985); McKinnon v. Patterson, 568 F.2d 930 (2d Cir. 1977); cert. denied, 434 U.S. 1087 (1978). The doctrine of respondeat superior is not applicable to § 1983 cases. Monell v. New York City Dep't of Social Services, 436 U.S. 658, 692-95 (1978).

A supervisory official who has not directly participated in the conduct complained of may be found personally involved in the deprivation of an inmate's right in other ways. For example, he may have failed to remedy the wrong after the violation was brought to his attention through a report or appeal; created, or permitted to continue, the policy or custom pursuant to which the alleged violation occurred; or been grossly negligent in managing officials under his supervision who caused the unlawful incident. Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) (citing Williams v. Smith, 781 F.2d 319, 323-24 (2d Cir. 1986)).

In this case, Captain Neville was clearly not involved in the alleged use of excessive force in any way. He could not have remedied that wrong. While it was brought to his attention that the plaintiff's disciplinary charge of assaulting a correctional officer was dismissed for lack of sufficient evidence to find the plaintiff guilty, the only possible remedy was dismissal of the disciplinary charge, which had already been done by the hearing officer. Captain Neville,

according to plaintiff's allegations, did not ignore the plaintiff's complaint, but reviewed them and informed the plaintiff it was his belief they had acted professionally. There are no allegations that defendant Neville had tolerated known use of excessive force by Jensen and Spring in the past. Finally, the plaintiff seeks damages against Neville, not for failing to remedy any wrong done to him, but rather because he did not attempt to punish defendants Jensen and Spring. This claim does not demonstrate personal involvement of defendant Neville in any deprivation of the plaintiff's federally protected rights.

## CONCLUSION

Paragraphs 30 and 31 of the plaintiff's Amended Complaint should be stricken. The plaintiff's complaint against Captain Neville should be dismissed.

> DEFENDANTS
> Jensen, et al.
>
> RICHARD BLUMENTHAL
> ATTORNEY GENERAL
>
> BY: Michael J. Lanoue
> Assistant Attorney General
> 110 Sherman Street
> Hartford, CT 06105
> Federal Bar #ct05195
> E-Mail: michael.lanoue@po.state.ct.us
> Tel: (860) 808-5450
> Fax: (860) 808-5591

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed to the following on this 9th day of February 2004:

Alex Velez #225611
Garner Correctional Institution
P.O. Box 5500
Newtown, CT 06470

_____
Michael J. Lanoue
Assistant Attorney General