UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ALEX VELEZ,

    Plaintiff,

v.

JENSEN, et al.,

    Defendants[1]

FILED

2004 JUN 14  A 10: 00

U.S. DISTRICT COURT
HARTFORD, CT.

PRISONER
Case No. 3:03CV299(RNC)

RULING ON DEFENDANTS' MOTION TO DISMISS AND STRIKE

Alex Velez, a Connecticut inmate, brings this action pursuant to 42 U.S.C. § 1983 seeking damages for injuries sustained in an alleged assault by prison guards, plus declaratory and injunctive relief requiring prison officials to provide him with a safe environment. Defendants have moved to strike two paragraphs from the amended complaint and to dismiss all claims against defendant Neville. For the reasons that follow, both motions are denied.

I.  Facts

The court accepts as true the following allegations taken from the amended complaint. On August 14, 2002, plaintiff was confined in H-Unit at Garner Correctional Institution. He attempted to visit the nurse's station at the end of the recreation period, but Corrections Officer Jensen ordered him to return to his cell. Jensen subsequently entered the cell, where

---

[1] The named defendants in the amended complaint are Jensen, Spring, Neville, John Lahda and Giovanny Gomez. Mingzer Tung was named in the original complaint but not included in the amended complaint.

he punched and kicked plaintiff repeatedly for no reason. Corrections Officer Spring also punched and kicked plaintiff while Jensen prevented him from leaving his cell. Jensen and Spring summoned back-up officers, who restrained plaintiff and escorted him to segregation, where he was held in handcuffs and a tether chain until approximately 11:00 a.m. the next day. Plaintiff was then transferred to the Intensive Mental Health Unit ("IMHU"), where he remained through September 18, 2002.[2]

Jensen issued plaintiff a disciplinary report for assault on a correctional officer. On August 27, 2002, plaintiff was found not guilty of the disciplinary charge. The hearing officer noted that there were conflicts in staff reports concerning the incident and concluded that the evidence supported plaintiff's version.

Following the incident, plaintiff wrote several inmate requests and institutional grievances seeking investigation into his claims against Jensen and Spring and requesting that disciplinary action be taken against them. On September 10 and 12, 2002, plaintiff was told to address this issue in writing to defendant Neville, who has supervisory authority over Jensen and

---

[2] As damages, plaintiff alleges that he sustained injuries to his arms, legs, chest, lower back and neck and suffered pain, dizziness and migraine headaches. Additionally, he claims that accusations made by Jensen and Spring contributed to his transfer to the IMHU and that conditions in the IMHU are similar to those at Northern Correctional Institution, the state's highest security facility.

2

Spring. Plaintiff wrote to Neville on September 20, 2002. Neville responded that he was aware of the incident and of the results of the disciplinary hearing and that he believed Jensen and Spring had acted professionally.

II. Discussion

    A. Motion to Strike

Defendants move to strike from the amended complaint paragraphs thirty and thirty-one. Paragraph thirty states that, in 2003, the Office of Protection and Advocacy filed a lawsuit in federal court challenging the conditions in the IMHU. Paragraph thirty-one states that defendant Gomez is a defendant in the case.

Rule 12(f) of the Federal Rules of Civil Procedure provides that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are disfavored because they are often dilatory and will therefore be denied unless the matter sought to be stricken has "no possible bearing on the subject matter of the litigation." Schramm v. Krischell, 84 F.R.D. 194, 199 (D. Conn. 1979); accord Lipsky v. Commonwealth United Corp., 551 F.2d 887, 893 (2d Cir. 1976).

Defendants contend that the challenged paragraphs should be stricken because the pendency of a suit challenging conditions in the IMHU is immaterial. Plaintiff responds that if the court in the other case determines that the conditions of confinement he

encountered in the IMHU were unconstitutional, its determination would be relevant to the calculation of his damages. The fact that a case has been brought by the Office of Protection and Advocacy challenging the conditions in the IMHU tends to suggest that those conditions are perceived to be unconstitutional, whether they actually are or not, and this alone could have some bearing on an assessment of the defendants' alleged mistreatment of plaintiff as well as his damages. Furthermore, since pleadings in federal court serve no purpose other than to give notice of the nature and basis of a claim, permitting the allegations to remain in the amended complaint risks no undue prejudice to defendants. The motion to strike is therefore denied.

    B. <u>Motion to Dismiss</u>

A motion to dismiss for failure to state a claim on which relief can be granted must be denied unless it is clear that plaintiff can prove no set of facts consistent with his allegations that would entitle him to relief. See <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957). Defendants contend that any claims against Neville should be dismissed because there are no allegations that he was involved in the alleged assault by Jensen and Spring, or knew it was likely to occur, and because plaintiff has no constitutional right to have them disciplined. These contentions are accurate but fail to come to grips with what appears to be the nature of the claim against Neville. Plaintiff

4

alleges that Neville's inaction in the wake of the assault reflects deliberate indifference to his safety, encourages corrections officers to engage in assaultive behavior, and has the effect of depriving him of a safe environment. This is a viable legal theory. See Montero v. Crusie, 153 F. Supp. 2d 368, 377 (S.D.N.Y. 2001) (noting that "[p]rison officials who fail to act reasonably to ensure a safe environment for a prisoner, when they are aware that there is a significant risk of injury to that prisoner, violate that prisoner's rights whether or not an attack actually occurs"). Therefore, the motion to dismiss is denied.[3]

III. Conclusion

Accordingly, both motions are hereby denied.

So ordered this 11th day of June, 2004, at Hartford, Connecticut.

Robert N. Chatigny
United States District Judge

---

[3] Plaintiff also argues that the motion to dismiss should be denied because proper service was not effected on Neville. The court does not consider this argument because the record reveals that Neville has expressly waived any defect in service of process. [Doc. #30]