UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ALEX VELEZ

v.                                  Case No. 3:03CV299(RNC)(DFM)

JENSEN, et al.

### RULING AND ORDER

Plaintiff has filed a motion to compel defendants to provide information included in his "first request for interrogatories" and his "first request for production of documents." In response, defendants state that plaintiff has made no good faith effort to resolve this dispute and indicate that the requests, seeking the production of thousands of documents, are overly broad and burdensome. For the reasons that follow, plaintiff's motion is denied.

Rule 37, D. Conn. L. Civ. R., provides in relevant part:

> No motion pursuant to Rules 26 through 37,
> Fed. R. Civ. P., shall be filed unless
> counsel making the motion has conferred with
> opposing counsel and discussed the discovery
> issues between them in detail in a good faith
> effort to eliminate or reduce the area of
> controversy, and to arrive at a mutually
> satisfactory resolution.

The purpose of this rule is to encourage the parties to make a good faith effort to resolve the dispute without the intervention of the court. See Getschmann v. James River Paper Co., Inc., Civil 5:92cv163 (WWE), slip op. at 2 (D. Conn. January 14, 1993) (court should not "become unnecessarily involved in disputes that

can and should be resolved by the parties"). In addition, Rule 37(a)3 requires that any discovery motion be accompanied by a memorandum of law "contain[ing] a concise statement of the nature of the case and a specific verbatim listing of each of the items of discovery sought or opposed, and immediately following each specification shall set forth the reason why the item should be allowed or disallowed." Copies of the discovery requests must be included as exhibits.

Plaintiff does not indicate in his motion that he has contacted defendants' attorney and made a good faith effort to resolve these matters and defendants indicate that he has not done so. In addition, plaintiff has not attached copies of his discovery requests or submitted a memorandum indicating the relevance of each disputed item as required by Rule 37(a)3. Plaintiff's general statement that the information is relevant to his case is insufficient to satisfy this requirement. Thus, the motion to compel [**doc. #40**] is **DENIED** without prejudice.

If plaintiff decides to file another motion to compel, he is advised, first, to confer with defendants' counsel and attempt to narrow his requests and, second, to comply with the requirements of Rule 37(a)3 regarding the form of his motion.

**SO ORDERED** this 5th day of April, 2005, at Hartford, Connecticut.

DONNA F. MARTINEZ
UNITED STATES MAGISTRATE JUDGE